NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUNKAI LAN,

          Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-805

Agency No.
A087-827-200

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Chunkai Lan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on demeanor, lack of responsiveness, and an omission. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) ("[T]he IJ is in the best position to consider a petitioner's demeanor, candor, and responsiveness."). Lan's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Lan did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to rehabilitate his testimony). Thus, in the absence of credible testimony, in this case, Lan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not address Lan's contentions as to the merits of his asylum and withholding of removal claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011)

2                                                        22-805

("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because Lan's claim was based on the same testimony the agency found not credible, and Lan does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured in China. *See Farah*, 348 F.3d at 1157.

We do not consider the materials Lan references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**